Lyons J.
delivered the opinion of the Court.
The first objection which I shall notice is the want of indenting. It is contended that the first section of the law requires this solemnity, and that the fourth does not dispense with it even between the parties. But the answer is, that the fourth section would be nugatory if all these and the other requisites were necessary, for if the deed be void for the want of them by the first section, it was unnecessary to declare it void in the fourth.
What is it that shall be binding between the parties? The answer is, all conveyances without restriction. The apparent object of the law was to secure creditors and subsequent purchasers, and not to affect the parties. This is more particularly proved by the tenth section of the law, which requires memorials of all recorded deeds to be transmitted to the secretary’s office to be there registered.
But suppose indenting were necessary, this deed begins, “ This indenture.” It is signed, sealed, and acknowledged, as a deed indented, and the grantor cannot afterwards deny it. It is to be taken most: strongly against him. What would be the consequence, if proof of indenting were always necessary? The originals cannot always be produced, and in the copy it cannot appear. The most trifling degree of indenting would be sufficient, and this might be worn out, so as not to be perceived. In the strictest pleadings, they are called deeds of Indenture, not deeds indented. The cases all prove that indenting is unnecessary. Judge Black stone, in his Commentaries, says, that it is now of little other use than to give a name to the deed. This case in principle may be compared *81 to that of Jones & Temple v. Logwood, (see ante, voh I. p. 42,) where this Court determined, that a stroll was equivalent to a seal of wax, or of any thing capable of impression, and impressed. This decision was founded upon the real justice of the case, and the custom of the country; that the scroll being adopted by the party, and acknowledged to be his seal, made It his seal in fact. So here, the party having acknowledged that this was an indenture, he has made it so as to every legal purpose. A deed beginning u This indenture,?? though not in fact indented, may be given in evidence Morg. Ess. 169.
The second objection is to the proof respecting the delivery. The parties have declared it to be sealed and delivered, and this is attested by the signature of four witnesses, who could not afterw arcis have been permitted to disprove it. This delivery we must consider as absolute, because if It had been intended as an escrow, it ought to have been so stated. Neither is there any proof that it was so Intended, but the contrary is strongly to be inferred from the evidence. It would have been sufficient to have entitled the deed to be recorded, if it had been offered.
The last objection Is, that it was not recorded. The case of Turner v. Stip is conclusive upon this point, for though that deed was admitted to record, yet it was improperly admitted, and was consequently in the same situation as if it had not been recorded at all.
The cases cited by the appellants counsel upon this point do not apply, because there is nothing In the Statute of Inrollments similar to the provisions contained In the fourth section of our Act of Assembly.
Order of the District Court affirmed.